UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KAHLILIA DAVIS,

       Plaintiff,

-vs-                         Case No: 2:20-cv-12145
                                Hon. Stephen J. Murphy, III

36th DISTRICT COURT (FOR THE
CITY OF DETROIT), and NANCY
C. BLOUNT (IN HER INDIVIDUAL
CAPACITY and AS THE 36TH DISTRICT
COURT FORMER-CHIEF JUDGE and
ADMINSTRATOR),

       Defendants.
_____/

| WEBSTER LAW OFFICE, PLLC | ALLEN BROTHERS, PLLC |
|---|---|
| Dionne E. Webster-Cox (P70422) | James P. Allen, Sr. (P52885) |
| Attorney for Plaintiff | Attorney for 36th District Court |
| 33150 Schoolcraft, Suite 201 | 400 Monroe, Suite 620 |
| Livonia, MI 48150 | Detroit, MI 48226 |
| (734) 215-2444 / FAX: (734) 943-6069 | (313) 962-7777 / FAX: (313) 962-0581 |
| dewc@websterlawofficepllc.com | jamesallen@allenbrotherspllc.com |

BOGAS & KONCIUS, PC
Kathleen L. Bogas (P25164)
Attorney for Defendant Blount
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
(248) 502-5000 / FAX: (248) 502-5001
kbogaslaw@kbogaslaw.com

_____/

**DEFENDANT NANCY BLOUNT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..........................................................................................ii

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS ......................................................................................1

ARGUMENT ...........................................................................................................6

    A.    STANDARD OF REVIEW.........................................................................6

    B.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE OF UNDUE DELAY........................................................................................7

    C.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE OF FUTILITY ...............................................................................................11

        1.    Plaintiff's Count I (Conspiracy) of the Proposed Amended Complaint is Futile. ......................................................................12

        2.    Plaintiff's Count II (Conspiracy) of the Proposed Amended Complaint is Futile. ......................................................................13

        3.    Plaintiff's Count V (*Ultra Vires*) and Count VI (Section 1983) of the Proposed Amended Complaint are Futile. ...........................16

    D.    DEFENDANT BLOUNT WILL BE PREJUDICED IF PLAINTIFF'S MOTION IS GRANTED. ......................................................................18

CONCLUSION .....................................................................................................19

# INDEX OF AUTHORITIES

## Cases

*Advocat v. Nexus Industries, Inc.*, 497 F. Supp. 328 (D.C.Del.1980) ......................8

*Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015) ............................................14

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009).........................................14

*Carson v. U.S. Office of Special Counsel*, 633 F.3d 487 (6th Cir. 2011)................7

*Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327 (6th Cir. 2007)....8

*Crawford v. Roane*, 53 F.3d 750 (6th Cir. 1995).........................................................7

*Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir.1981).............................9

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962) .............................................6, 7

*Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790 (1971) ................................14

*Head v. Timken Roller Bearing Co.*, 486 F.2d 870 (6th Cir.1973) .........................8

*Kletschka v. Driver*, 411 F.2d 435 (2nd Cir. 1969).................................................15

*Kornegey v. City of Philadelphia*, 299 F.Supp.3d 675 (E.D. Pa. 2018).................14

*Kush v. Rutledge,* 460 U.S. 719, 103 S.Ct. 1483 (1983) .......................................14

*Minor v. Northville Public Schools*, 605 F. Supp. 1185 (E.D. Mich. 1985) .........8, 9

<u>Morse v. McWhorter</u>, 290 F.3d 795 (6th Cir. 2002) ............................................7, 8

*Munschy v. Community Mental Health Services of Montcalm County*, unpublished, 1999 WL 33438062 (MI Ct. App. August 3, 1999) .............................................17

*Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21 (6th Cir. 1980)......................................................................................11

*Newcomer v. Coleman*, 323 F. Supp. 1363 (D. Conn. 1970) .................................15

*Northern Warehousing Inc. v. State, Dept. of Educ.*, unpublished, 2006 WL 2419189 (MI Ct. App. August 22, 2006).............................................................17

Richardson v. Jackson Co., 432 Mich. 377 (1989)................................... 16, 17, 18

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) .................12

*Saginaw Housing Com'n v. Bannum, Inc.*, unpublished, 2012 WL 368575 (E.D. Mich. February 3, 2012)..........................................................................................16

*Sanders v. Michigan Supreme Court*, 329 F.R.D 174 (E.D. Mich. 2019)................9

*Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993) ....11

## Rules

Fed. R. Civ. P. 1 ..........................................................................................................7

Fed. R. Civ. P. 12(b)(1)................................................................................................3

Fed. R. Civ. P. 12(b)(6)...................................................................................... 1, 3, 13

Fed. R. Civ. P. 15(a)..................................................................................................6, 7

Fed. R. Civ. P. 26(d) ................................................................................................ 4, 10

Fed. R. Civ. P. 31 .................................................................................................... 4, 10

Fed. R. Civ. P. 41(a)(1)(i) ...........................................................................................2

**INTRODUCTION**

Plaintiff filed a Complaint riddled with legal and factual issues that merited Defendants' Motions to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).  Once the matter was fully briefed, she tried to subpoena Paul Paruk's deposition as a third-party.  When that was unsuccessful, she simply amended the Complaint which presents the same legal concerns raised by Defendants' Motions. The proposed amended complaint must be dismissed because of undue delay, futility and prejudice to Defendants.  Plaintiff cannot be permitted to waste the Defendants' and the Court's time and resources by taking a shotgun approach to see if any of her claims can possibly succeed.  They cannot.

**STATEMENT OF FACTS**

Plaintiff comes to this Court requesting leave to amend her Complaint and to add a party, Paul Paruk.  Although nowhere set forth in Plaintiff's proposed amended complaint, Mr. Paruk is employed by the State Court Administration Office as the Administrator of Region 1 Detroit.  Plaintiff states that if granted "the proposed amended complaint would reflect this party, the allegations pertaining to them, and an amplification of some of the original allegations."  A review of the proposed amended complaint does add Paul Paruk and is far more than "an amplification of some of the original allegations."  In fact, counts are removed and counts are added.

1

By way of background, Plaintiff filed a lawsuit against "36th District Court and Nancy C. Blount, sued in her personal and official capacity" on May 25, 2020, case number 5:20-cv-11303 (ECF No. 1). It was assigned to the Honorable Judith Levy. Service was never made. However, on August 5, 2020 Plaintiff filed what was captioned "Second Amended Complaint" (although there is no First Amended Complaint in the Court file) against "36th District Court (for the City of Detroit) and Nancy C. Blount (in her individual capacity, as the 36th District Court Former-Chief Judge and Administrator" (ECF No. 6). The very next day, August 6, 2020, Plaintiff dismissed this action "in its entirety" stating: "The dismissal is made pursuant to Fed. R. Civ. P. 41(a)(1)(i) the defendants were never served" (ECF No. 7).

On August 11, 2020, a mere five days after dismissing the prior case, Plaintiff filed the Complaint in this matter, naming the same defendants as the so-called Second Amended Complaint. Throughout all of the three complaints Plaintiff references Paul Paruk and goes so far as to call him "Defendant Paruk" in ¶55 of the original Complaint filed in this matter.

On November 3, 2020 Plaintiff's counsel emailed Defense Counsel as follows: "Pursuant to Rule 15, I am seeking permission to amend our complaint to add Paul Paruk from SCAO as a defendant. Will both of you consent? Please advise." (Ex 1, 11/03/2020 Email) Defense Counsel for the 36th District Court

2

advised Plaintiff's counsel of behalf of all Defendants that they would not stipulate to the request.

The next day, November 4, 2020, in lieu of filing an Answer to Plaintiff's Complaint, the Defendants each filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) that had been in preparation for some time (ECF No. 16 by Defendant 36th District Court and ECF No. 18 by Defendant Blount).

On December 29, 2020, Plaintiff filed one response brief to Defendants' Motions to Dismiss (ECF No. 20).  At no time in her response did Plaintiff request to amend the Complaint and/or add a defendant.  Defendants filed their response briefs on January 12, 2021 (ECF No. 21 by Defendant Blount and ECF No. 22 by Defendant 36th District Court).

On April 9, 2021 Plaintiff's counsel again emailed Defense Counsel: "I am seeking concurrence to add Paul Paruk as a defendant in the above referenced matter."  Again, Defense Counsel said they would not concur.  (Ex 2, 04/09/2021 Email exchange)

On April 14, 2021 Plaintiff sent an email to Paul Paruk, with a copy to Defense Counsel, seeking to compel his deposition: "Per my voicemail message, I am attaching a copy of the subpoena.  Again, please advise as to how you would like to be served."  (Ex 3, 04/14/2021 and 04/15/2021 Email exchange)

Defense Counsel immediately contacted Plaintiff's counsel pointing out the discovery was not permitted under Fed. R. Civ. P. 31 and Fed. R. Civ. P. 26(d) without leave of the court because a Rule 26 conference had not taken place.  After a series of emails between counsel, wherein Plaintiff's Counsel challenged the clear wording of Rules 31 and 26(d), the next day, April 15, 2021, Plaintiff's counsel sent an email stating that the subpoena was withdrawn. (Ex 3)   Within minutes Defense Counsel received this Motion for Leave to File an Amended Complaint Adding Paul Paruk as a Defendant and the Current 36th District [Court] Chief Judge.  A proposed amended complaint accompanied that filing. (ECF Nos 23 and 23-1)

The proposed amended complaint varies greatly from the original Complaint filed in this matter.  It purports to dismiss 36th District Court and add the Current Chief Judge of the 36th District Court.  Yet nowhere in the body of the Complaint is that accomplished.  It also adds Counts and claims to the original Complaint.

In the original Complaint filed in this matter, the Counts are as follows:

- Count I – 42 USC 1985(2), (3) Conspiracy to Interfere with Civil Rights (versus Defendant Blount only)
- Count II – Violation Public Policy (versus both Defendants)
- Count III – Monell – Violation – Policy Maker (versus both Defendants)

In the proposed amended complaint the Counts are as follows:

- Count I – 42 USC § 1985(2), (3) – Intra-Corporate Conspiracy to Interfere with Civil Rights (versus Defendant Blount and proposed Defendant Paruk)
- Count II – 42 USC § 1985(2), (3) – Intra-Corporate Conspiracy to  Interfere with Civil Rights as to Defendant Paruk
- Count III – Violation Public Policy (versus both original Defendants)[1]
- Count IV – Monell – Violation – Policy Maker (versus Defendant Blount only)
- Count V – Ultra Vires (versus both original Defendants and proposed Defendant Paruk)
- Count VI – Violation of 42 USC § 1983 as to Paul Paruk

Plaintiff claims in her Motion that "Mr. Paruk had been referenced several times in Plaintiff's initial complaint, making Defendants aware that he may be a potential Defendant and had an interest in this matter."  In her original Complaint in this matter Plaintiff -- multiple times -- referenced Milton Mack of the Supreme Court Administrator's Office; Lynn Helland, Executive Director of the Judicial Tenure Commission; and Kelli Moore Owens, former Court Administrator of the 36th District Court, claiming they participated in illegal acts.  Are Defendants to be aware that these individuals may also be potential Defendants and have an interest in this matter?  Plaintiff's argument is illogical on its face.  Further, if Defendants

---

[1] Count III of the proposed amended complaint is the exact verbiage of the original Complaint (then identified as Count II).  "Defendants" are referenced generally and also Defendant Blount and Defendant District Court individually. Mr. Paruk is not referenced at all.  Further, Plaintiff's brief does not argue that Mr. Paruk should be liable under a violation of public policy theory.  Thus, it is unclear whether Plaintiff intended to include Mr. Paruk in Count III.

5

should have been aware that Paruk may be a potential Defendant based on the original Complaint, Plaintiff certainly knew and should have asked for leave at that time.

Defendants relied on the Complaint Plaintiff filed in this matter (the third one based on the original matter assigned to the Honorable Judith Levy) when they filed their extensive Motions to Dismiss.   In her reply brief Plaintiff never indicated in any way that the Complaint needed to be amended, new parties added, or other parties dismissed.   At that time Plaintiff could have asked the Court for leave to amend.   She did not.

She has now waited over eight months since this particular matter was initiated and over five months since Defendants filed their Motions to Dismiss to bring this Motion.   All of Plaintiff's actions are the very definition of undue delay. Defendants can show prejudice in this delay.   Defendants filed Motions to Dismiss and filed Response Briefs to Plaintiff's Reply to the Motions to Dismiss.   Finally, the proposed amendments are futile.   Plaintiff's Motion should be denied.

## ARGUMENT

### A. STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) provides that leave to amend complaints shall be freely granted "when justice so requires." *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227 (1962). However, such leave is inappropriate when there is "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of amendment." *Id.,* 371 U.S. at 182, 83 S.Ct. 227.

Examination of the *Foman* factors is to be made in light of the directive in Fed. R. Civ. P. 1 that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. "[L]eave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.' " *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). The determination of whether the motion to amend is to be granted is left to the sound discretion of the trial court. *Foman,* 371 U.S. at 182, 83 S.Ct. 227.

## B. <u>PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE OF UNDUE DELAY</u>

The Federal Rules allow district courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Denial may be appropriate, however, where there is 'undue delay'" in filing. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. at 182).

"Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

"[W]hen taking the measure of prejudice in a case, it is necessary to weigh the plaintiff's reasons for any delay in raising the issue proposed for amendment against the prejudice likely to be suffered by the defendant. *Head v. Timken Roller Bearing Co.,* 486 F.2d 870, 874 (6th Cir.1973).  '[T]he longer the period of unexplained delay the less will be required of the nonmoving party to show prejudice.' *Advocat v. Nexus Industries, Inc.,* 497 F. Supp. 328, 331 (D.C.Del.1980)." *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985).

In denying leave to amend a complaint, the court in *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985), stated:

> Of great concern to this writer is plaintiff's failure to include these allegations in either the original or first amendment complaint. The facts of the proposed Second Amended Complaint were well known to plaintiff at the time plaintiff filed her original complaint. Indeed, these very allegations had been submitted to a state court for consideration at the time of filing this action in federal court. It is also significant that plaintiff offers no reason for her failure to include the present allegations in her original complaint or in her first amended complaint. She claims only that amendment would not be futile and

8

defendant has suffered no prejudice. Thus, while not determinative, I suggest that there has been undue delay in bringing the issues presented by the second amended complaint before the Court for which good cause has not been shown. The facts underlying each of these "new" claims were known to plaintiff prior to the filing of the complaint.

The District Court in *Minor* further explained its rationale that the culmination of all of Plaintiff's missteps justified denial of a motion to amend as follows, relying in part upon the Fifth Circuit:

> "At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive. Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time. While we must give a party a fair chance to present claims and defenses, we also must protect 'a busy district court [from being] imposed upon by the presentation of theories seriatim.'" *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1025 (5th Cir.1981).

> The case at bar has suffered from neglect since its inception. A wrong turn has been taken at every fork in the road. The defendant should not be forced to continue to pay for this haphazard method of litigation.

*Id*. at 1202.

The District Court in *Sanders v. Michigan Supreme Court*, 329 F.R.D. 174, 176 (E.D. Mich. 2019), found undue delay and denied a plaintiff's motion to amend on more than one occasion, noting:

> Plaintiff would have been aware of the basis for and the facts underlying these new claims and new Defendants when she filed her initial complaint and her first amended complaint, yet she now seeks

9

amendments only after the original Defendants have filed dispositive motions.' So too in the present motion, Plaintiff seeks to add Defendants and claims less than a month after I denied her previous motions. As was the case previously, there has been undue delay in seeking these amendments, for which Plaintiff has not shown good cause. Amendment at this late stage of the game would be prejudicial and would needlessly prolong these proceedings, in which almost all of the Defendants have been dismissed. (internal references to docket materials omitted)

Plaintiff here has unduly delayed in seeking to file her amended complaint. Plaintiff filed two complaints previously in another matter concerning the same issues. The original Complaint in this matter (effectively the *third* complaint) was filed on August 11, 2020. Plaintiff never raised the amendment issue when she responded to Defendants' November 4, 2020 Motions to Dismiss on December 29, 2020. Knowing of the pendency of the Motions to Dismiss, having responded to same, and being aware that the parties' Rule 26 conference had not yet occurred, Plaintiff's counsel impermissibly sought to depose Mr. Paruk contrary to Fed. R. Civ. P. 31 and Fed. R. Civ. P. 26(d) before she sought the present relief. When it was obvious to her there was no way she could secure this discovery, she simply brought this Motion. In the proposed amended complaint (effectively the *fourth* complaint), Plaintiff alleges the *exact same "Background Facts"*, ¶¶9-168, as the original Complaint, except she places "Defendant" in front of every mention

previously made for Mr. Paruk.[2]  Plaintiff disingenuously claims that Defendants should have been aware of the claims against Mr. Paruk yet she has been less than forthcoming with Defendants and with the Court.  Indeed, other similarly-named individuals are not, at least for now, being targeted by Plaintiff as named defendants in this matter.  Plaintiff herself considered Mr. Paruk to be a non-party when a deposition subpoena was served on April 14, only one day before her motion was filed.

Plaintiff waited *eight months* from the filing of the original Complaint, after the full briefing on Defendants' Motions to Dismiss, and after an after an impermissible attempt to seek discovery from Mr. Paruk pursuant to a *third-party* subpoena before seeking the relief of this Court.  *Further, she has offered no explanation for the undue delay.*  It is obvious that Plaintiff is simply seeking to engage in tactics that will result in further delaying the Defendants' meritorious Motions.  Her Motion should be denied.

## C. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE OF FUTILITY

Despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly

---

[2] Plaintiff does not even deign to identify Mr. Paruk in the "Parties" section of the proposed amended Complaint.

deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury,* 987 F.2d 376 (6th Cir. 1993). A request to amend may be denied if it would be futile, *i.e.*, if the amended complaint would not withstand a motion to dismiss for failure to state a claim. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Plaintiff's proposed amendments are futile.

   1. **Plaintiff's Count I (Conspiracy) of the Proposed Amended Complaint is Futile.**

Plaintiff's proposed amended complaint's Count I now applies to both Defendant Blount and proposed defendant Paruk and has the added underlined phrasing: "42 USC § 1985(2), (3) – **Intra-Corporate** Conspiracy to Interfere with Civil Rights". Defendant Blount's Motion to Dismiss (incorporated herein by reference) sets forth the legal arguments for why Plaintiff's claims in the original Count I fail for a minimum of three separate and independent reasons: (1) the intra-corporate agency exception applies; (2) Plaintiff has not alleged a racial or other class based invidiously discriminatory animus; and (3) the ability to preside over a docket as a state court judge or being directed to use a specified entry door is not a civil right.

Plaintiff appears to address only the first of Defendant Blount's arguments in the proposed amended complaint. The proposed complaint alleges:

> 174.  Defendant Paruk was working in his capacity as a regional state court administrator office director.
>
> 175.  This was neither a singular act of discrimination by one entity nor was it within the scope of Defendant Paruk's employment or governmental duties.

These additional allegations are irrelevant given the fact that Defendant Blount and Mr. Paruk, at all times relevant to the allegations contained in Plaintiff's Complaint, were officials, employees, or agents of the Judiciary of the State of Michigan and were acting in those capacities. Plaintiff's allegations do nothing to rebut the arguments made in Defendant Blount's Brief in Support of her Motion to Dismiss.

Even if for purposes of a Fed. R. Civ. P. 12(b)(6) motion only, this Court were somehow persuaded by Plaintiff's allegations in paragraph 175, the remaining two arguments, *i.e.*, Plaintiff has not alleged a racial or other class based invidiously discriminatory animus; and the ability to preside over a docket as a state court judge or being directed to use a specified entry door is not a civil right, are separate bases for the futility of the proposed amended complaint.

**2.  <u>Plaintiff's Count II (Conspiracy) of the Proposed Amended Complaint is Futile</u>.**

Plaintiff's Count II of the Proposed Amended Complaint is identified as "42 USC § 1985(2), (3) Intra-Corporate Conspiracy to Interfere with Civil Rights as to Defendant Paul Paruk". There are no new allegations except the following paragraphs:

> 205. That Defendant Paruk disparately treated Plaintiff and did not treat her the same as other similarly situated judges.
> 206. That but for Plaintiff's race, she would not have suffered this disparate, discriminatory treatment.

Plaintiff cannot simply insert two non-specific paragraphs into her proposed amended Complaint to right the errors clearly present in the original Complaint. A plaintiff must allege specific facts evidencing discrimination based on race or disparate treatment based on race in order to state a claim for a violation of §1985. In *Alexander v. Rosen*, 804 F.3d 1203, 1207-08 (6th Cir. 2015), the court stated:

> Alexander's second allegation is that the defendants violated federal civil rights law—specifically, 42 U.S.C. §1985(2), which prohibits "two or more persons [from] conspir[ing]" to interfere with state judicial proceedings "with intent to deny to any citizen the equal protection of the laws." The Supreme Court, when interpreting an analogous provision of §1985(3), held that "[t]he language requiring intent to deprive of equal protection ... means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also Kush v. Rutledge,* 460 U.S. 719, 725, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). Although Alexander alludes to his race and draws the "legal conclusion[ ]" that gender discrimination occurred, he offers no "factual allegations" to suggest that the defendants were motivated by "invidious discrimination." *See [Ashcroft v. ] Iqbal,* 556 U.S. [662] at 678–81, 129 S.Ct. 1937 [(2009)]. His §1985 claim must therefore fail.

14

*See also, Kornegey v. City of Philadelphia*, 299 F.Supp.3d 675 (E.D. Pa. 2018) (Inmate's assertions that prison officials conspired to interfere with his right to be free from invidious discrimination based on race and ethnicity, in violation of §1985, and implemented discriminatory prison disciplinary customs and policies, in violation of §1981, were insufficient to state a claim under §1981 or §1985, as inmate failed to allege specific facts evidencing discrimination based on any race or ethnicity, or of disparate treatment based on those classifications.); *Newcomer v. Coleman*, 323 F. Supp. 1363, 1367 (D. Conn. 1970) (Plaintiff has alleged no specific facts to substantiate his claim that he has been denied equal protection of the laws and that, therefore, he has a claim for relief under 42 U.S.C. §1985(3). [footnote omitted] He does not allege a pattern of discrimination, or impermissible consideration of a race or class, or that state law has been unevenly applied. It so far appears that the actions taken by the defendants were directed only against the plaintiff as an individual, and not because he was a member of a class or race. [footnote omitted]  See *Kletschka v. Driver*, [411 F.2d 435, 447 (2nd Cir. 1969)] Therefore, the defendants' motion to dismiss with respect to plaintiff's claim for relief under §1985(3) is granted".)

Plaintiff has failed to state a claim for relief.  Her claims lack specificity and fail for the same reasons set forth in Defendant Blount's Motion to Dismiss. Plaintiff's Motion should be denied.

### 3. Plaintiff's Count V (*Ultra Vires*) and Count VI (Section 1983) of the Proposed Amended Complaint are Futile.

Plaintiff's Count V for *Ultra Vires* is a new count, not set forth in the original Complaint and is asserted against the original Defendants and proposed defendant Mr. Paruk.  The *Ultra Vires* Count is futile.  Further, the *Ultra Vires* Count is, essentially, a failed argument to counter a governmental immunity claim under Count VI (Section 1983 – Color of Law). As such, Count VI is also futile.

Plaintiff's brief references the decision in *Richardson v. Jackson Co.,* 432 Mich. 377 (1989), for support for the ultra vires claim.  However, the ultra vires argument is a counter to the governmental immunity affirmative defense claims raised by Defendants in their Motions to Dismiss.  *It is not an independent cause of action.  See, Saginaw Housing Com'n v. Bannum, Inc.*, unpublished, 2012 WL 368575 (E.D. Mich. February 3, 2012) ("[A]n 'ultra vires act' is not an independent cause of action in Michigan, but rather a sword to pierce the shield of governmental immunity.") (Ex. A).   In effect, Plaintiff's inartful proposed amended complaint is a §1983 claim against both Defendant Blount and Mr. Paruk.  Specifically, ¶246 of the proposed amended complaint states: "Defendants

16

Blount and Paruk acted under the color of law and authority to treat Plaintiff in the manner described in the preceding paragraphs."  Plaintiff has proposed a separate count under §1983 against Mr. Paruk (proposed Count VI – Violation of 42 USC ¶1983 as to Paul Paruk).

Assuming for the purposes of this Brief only that Plaintiff is attempting to assert a §1983 claim against Defendant Blount (similar to the §1983 claim Plaintiff has against Mr. Paruk in Count VI), the §1983 claim fails for governmental immunity (as raised in the Defendants' Motions to Dismiss which are applicable here under §1983 and to both Defendant Blount ad Mr. Paruk in their respective roles), the ultra vires argument does not act as an exception to governmental immunity.  The *Richardson* Court "held *ultra vires* activity is 'not activity that a governmental agency performs in an unauthorized manner,' but instead, is 'activity that the governmental agency lacks legal authority to perform in any manner.'" *Munschy v. Community Mental Health Services of Montcalm County*, unpublished, 1999 WL 33438062 (MI Ct. App. August 3, 1999) (Ex. B), quoting *Richardson, 432 Mich. at 387.*

Plaintiff has not alleged that Defendant Blount or Mr. Paruk lacked legal authority to perform in <u>any</u> manner.  Indeed, Plaintiff's brief, page 12 (Page 19 of 20) states the opposite with respect to Mr. Paruk:

"Mr. Paruk was acting as a governmental agent when he was appointed as an administrator and, through his action that are further detailed therein, Mr. Paruk acted far beyond the legal authority he was conferred when he was [sic] used his position of authority to harass, threaten, and intimidate a sitting judge."

Further, in the proposed amended complaint, ¶243, Plaintiff alleges that Defendant

Blount and Mr. Paruk "in their capacities…acted with evil intent".

Even if Plaintiff's allegations were given credence, the fact that Defendant

Blount and Mr. Paruk had *any authority*, even if it was exceeded as alleged (*e.g.*, it

was "unauthorized"), they are not subject to liability under the *ultra vires* theory

pontificated in the proposed Count III. *See, Northern Warehousing Inc. v. State,*

*Dept. of Educ.*, unpublished, 2006 WL 2419189 (MI Ct. App. August 22, 2006)

(Under *Richardson, improper performance* of an authorized activity is still

*authorized*) (Ex. C). These proposed Counts are futile.

## D. DEFENDANT BLOUNT WILL BE PREJUDICED IF PLAINTIFF'S MOTION IS GRANTED.

Defendants have filed Motions to Dismiss based on Plaintiff's original

Complaint, Plaintiff responded, and reply briefs have been submitted. Defendants

have had to incur the cost of attorney fees and their time/effort to assist in that

regard. Plaintiff asserts that Defendants should have understood that Mr. Paruk

would be considered a defendant. That is nonsensical because other individuals

were identified in the original Complaint and have not been named. Indeed,

18

Plaintiff served a third-party subpoena upon Mr. Paruk one day before it brought this Motion.  In this Motion, Plaintiff now presents a proposed amended complaint (essentially the fourth complaint), which is replete with errors and is confusing as to what counts apply to which defendants.  Defendants are prejudiced by Plaintiff who is unsure as to the claims she wants to bring.  Essentially, she is asking Defendants to craft her claims by throwing various theories via numerous complaints to see what may succeed after extensive and expensive briefing by the Defendants and the time and energies of this Court.

## <u>CONCLUSION</u>

As set forth in detail above, Defendant Blount respectfully requests that this Honorable Court deny Plaintiff's Motion.

Respectfully submitted,

*/s/ Kathleen L. Bogas*_____
BOGAS & KONCIUS, P.C.
Kathleen L. Bogas (P25164)
Attorneys for Defendant Blount
31700 Telegraph Rd, Suite 160
Bingham Farms, MI 48025
(248) 502-5000 Fax: (248) 502-5001
Dated: April 29, 2021        office@kbogaslaw.com

## <u>CERTIFICATE OF SERVICE</u>

STATE OF MICHIGAN    )
                         ) SS
COUNTY OF OAKLAND   )

      KATHLEEN L. BOGAS, hereby certify that on April 29, 2021 I electronically filed the foregoing documents with the Clerk of the Court using the ECF System which will send notification of such filing to the following: Dionne E. Webster-Cox (P70422) of Webster Law Office, PLLC and James P. Allen, Sr. (P52885) of Allen Brothers, PLLC.

                        /s/Kathleen L. Bogas
                        Kathleen L. Bogas (P25164)
                        Bogas & Koncius, PC
                        Attorneys for Defendant Blount
                        31700 Telegraph Road, Suite 160
                        Bingham Farms, MI  48025
                        Phone: (248) 502-5000
                        E-mail: office@kbogaslaw.com

i